83,615-01

From: Daniel Richard                     July 26, 2015
        TDCJ No. 689948
        Terrell Unit                     RECEIVED IN
                                         COURT OF CRIMINAL APPEALS
        1300 FM 655                      JUL 31 2015
        Roshamore, Texas 77583
                                         Abel Acosta, Clerk

To: Abel Acosta, Clerk
    Court of Criminal Appeals
    P.O Box 12308 Capitol Station


RE: CASE No. WR-83,615-01
    Filing of Applicants Traverse And Rebuttal
    Ex parte Daniel Richard cause No. 64883-A


Dear, Mr. Abel Acosta.
    Enclosed is a copy of Applicant First and
Original Traverse And Rebuttal to State
First Original Answer. Applicant submitted
this Traverse And Rebuttal one July 8, 2015
After the Order Signed July 1, 2015
Instructing Clerk of trial Court to
fowards Applicants Application for
writ of Habeas Corpus to this Court
Applicant received a letter from your
office one July 20, 2015 stating after
thorough search my Application was not

filed. However on July 27, 2015 Applicant received a white card Date. July 17, 2015 On this day Application for 11.07 Writ of habeas corpus have been filed. Post dated. July 23, 2015.

Applicant ask that the Clerk file this pleading "Applicants Original Traverse Rebuttal to State Original Answer and bring to the prompt Attention of said Judges of court. for their considerations

I do greatly Appreciate your time And Assistance in this matter

Sincerely
Daniel Richards
July 26, 2015

No. 648883-A

Ex parte

Daniel J. Richard

Applicant

In The 248th District
Court of
Harris County, Texas

## Applicants Original Traverse Rebuttal to States Original Answer

To the Honorable Judge of said Court:

Now Comes Daniel J. Richard, Applicant Pro-se In the above Numbered and Entitle Cause and respectfully files this Traverse, and Rebuttal to States Original Answer and will show the following:

### I

Applicant is confined pursuant to the Judgment and Sentence of the 248th District Court of Harris County, Texas In Cause Number 648883. Applicant Pleaded guilty to possession of Cocain weighing less than 28 grams. On January 14, 1993, the trial court assessed punishment, enhance by one prior felony conviction at twenty-five (25) years confinement in (T.D.C.J).

(1)

## II.

On July 7, 2015 Applicant received the State Original Answer by mail through the prison mail Room at Terrell Unit. The State filed its Original Answer pursuant to Tex. Crim. Proc. Code 11.07 stating that Applicants for writ of habeas corpus should be denied, because Applicants punishment of twenty five years was within the permissible range of punishment of five to ninety-nine years.

## III.

However and of the contrary Applicant contends that the State Respondents have wholly mis-construed the facts and legal issues raised by the Application

    (1) Applicants Plea of guilty was Not knowingly and Not Voluntarily

    (2) And Applicant were mis-lead as to the punishment Range of a Second degree felony Enhanced by one prior conviction

In Support of Applicant will show the following:

## III

On January 14, 1993 My Counsel Advish me that the State was willing to make me a deal today, and that be: they were willing to drop the Second Enhancement and offer me 35-years down from the Life Sentench the were originally seeking. We made the deal and the court accepted it, but never did my counsel, or the court Informed me about the range of punishment After the State drop the Second Enhancement had I knowen about the Range being 5-years to 99-years I would have went to trial and may have gotten a lesser Sentench In the 5-99-year Range.

## Arguments

## IV

The Tex Coch Crim Proc. Art. 26.13 (A) States:

   (A). Prior to Accepting a plea of guilty or a plea of Nolo Con Tendere, the Court shall Admonish the defendant of:

   (1). The Range of punishment Attached to the offense:

Article 26.13 (6)(c) d States:

   In Admonishing the defendant as herein

(3)

provided substantial compliance by the court is sufficient unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harm by the admonishment of the court. See Brown v State 915 S.W.2d. 533 and McGowin v State 912 S.W.2d. 837 (Tx 1997) Also see Anderson v State 985 S.W.2d. 195 (Tx 1998)

Applicant here also argues that the States Original answer and its exhibits clearly shows that no where in the Records was Applicant ever advise or Informed about by Applicant pleading true to once Enhancement the punishment range was 5-years to Ninety Nine as described in Tx. Pen. Code § 12.42 (b). It is clear by the Records Now before the court that Applicants counsel Nor the courts properly advise and Informed Applicant in order to Understanding the law related to the conditions of the plea off. The purpose of Article 26.13 are to ensure that only constitutionally valid plea is Entered and Accepted.

For these reasons Applicant guilty plea and waiver of a trial by Jury was not knowingly or Voluntarily Entered.

(4)

## V.

For these reasons raised of fact and law Applicant seek a Evidentiary Hearing to discovery Reporter Records of the courts Admonishment and Affidavits of trial counsel

### Certification of Service

I, Daniel J. Richard do hereby certify that a true and correct copy of this Original Traverse Rebuttal to State Original Answer have been served by sending to Clerk of court on this 2 day of July 2015

Respectfully Submitted
/s/ Daniel J. Richard

Chris Daniel                    Daniel J. Richard
Harris County Dist. Clerk       TDCJ No. 689948
P.O. Box #651                   C.T. Terrell Unit
Houston, Texas, 77210           1300 F.M. 655
                                Rosharon, Texas 77583

(5)